*Olsen v. Frey et al.*, No. 236-4-18 Wncv (Teachout, J., July 31, 2018).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| **Washington Unit** | **Docket No. 236-4-18 Wncv** |

**MADALEINE OLSEN**
    **Plaintiff**

    **v.**

**OFFICER JACOB FREY, TOWN OF BARRE,**
**and TOWN OF BARRE POLICE DEPARTMENT**
    **Defendants**

### DECISION
### Defendants' Motion to Dismiss
### Ms. Olsen's Motion to Amend

This is a personal injury action arising out of an automobile collision between Plaintiff Madaleine Olsen and a Town of Barre Police Officer, Jacob Frey, in the course of his official duties.  Ms. Olsen alleges that Mr. Frey was operating his police vehicle in a negligent manner and that negligence caused the collision.  She also asserts that Defendants the Town and its police department have vicarious liability for his negligence and that they negligently trained Mr. Frey in the safe operation of vehicles.  The Town has asserted a counterclaim alleging that Ms. Olsen's negligence caused the collision.  Mr. Frey and the Town of Barre Police Department have filed a motion to dismiss arguing that neither is a proper party in this case.  Ms. Olsen, in turn, has sought leave to assert a claim of gross negligence against Mr. Frey personally.

Mr. Frey asserts that he is not a proper party in this case because, as an employee of a municipality, any claim against him arising out of an act within the scope of his employment, must be brought against his employer, the Town, and not against him personally.  24 V.S.A. § 901a(b).  Ms. Olsen argues that Mr. Frey may be personally liable pursuant to *Hudson v. Town of E. Montpelier*, 161 Vt. 168 (1993) and for gross negligence pursuant to 12 V.S.A. § 5602(b).  Accordingly, she seeks to amend the complaint to assert a claim of gross negligence against Mr. Frey.

In 1993, the Court held that "[i]n the absence of the public duty doctrine or a statute specifically limiting liability, a municipal employee who commits a tortious act is personally liable to the injured person, even though the employee is engaged in a governmental function and the municipality is exempt under the doctrine of sovereign immunity." *Hudson*, 161 Vt. at 178–79.  In 2003, the Vermont legislature adopted just such a statute: 24 V.S.A. § 901a.  Subsection 901a(b) provides: "When the act or omission of a municipal employee acting within the scope of employment is alleged to have caused damage to property, injury to persons, or death, the exclusive right of action shall lie against the municipality that employed the employee at the time of the act or omission; and no such action may be maintained against the municipal employee or the estate of the municipal employee."  Based on the allegations of the complaint, there is no

reasonable possibility that Mr. Frey was not acting within the scope of his employment when the collision occurred. Therefore, by statute, Ms. Olsen's claim had to be brought against the Town and could not be brought against Mr. Frey personally.

Ms. Olsen's proposed amendment to include a claim of gross negligence against Mr. Frey does not help. Ms. Olsen asserts that 12 V.S.A. § 5602(b) allows a gross negligence claim against Mr. Frey personally. Subsection 5602(a) provides that claims *against State employees* arising out of an act within the scope of employment must be brought against the State and not against the State employee personally. Subsection 5602(b) provides that the rule of § 5602(a) does not apply to claims of "gross negligence and willful misconduct." These provisions are entirely irrelevant to this case. Mr. Frey was a Town employee, not a State employee. The Town of Barre is not the State of Vermont. Municipal employees are protected by 24 V.S.A. § 901a(b), and § 901a has no exemption for claims of gross negligence.

Accordingly, Mr. Frey is a not a proper party in this case and Ms. Olsen's proposed amendment serves no purpose.

The Town of Barre Police Department asserts that it should be dismissed because, as a mere department of the Town, it is not a legal entity and thus cannot be sued. The Town already is a defendant. Thus, the Department's request to dismiss it as a party essentially is a request by the Town to recognize that the Department is the Town. Ms. Olsen's only material response to this is that she needs discovery. She does not explain what discovery she needs or how it would help. She also does not suggest that there is any way she could be prejudiced by eliminating the fiction that the Department is anything other than the Town itself.

A municipal police department is a department within the municipality and is created by the municipality. 24 V.S.A. § 1931(a). A claim against it is a claim against the municipality itself. If the Town were not separately named as a defendant, the court could consider not dismissing the Police Department as it really is a proxy for the Town. In this case, however, the Town is separately named. The Police Department therefore may be dismissed without prejudicing Ms. Olsen.

ORDER

For the foregoing reasons, Defendants' Motion to Dismiss is *granted* and Ms. Olsen's Motion to Amend is *denied*.

Dated at Montpelier, Vermont this _____ day of July 2018.

_____
Mary Miles Teachout,
Superior Judge

2